In the Matter of the Application of GUSTAVE VON POLHEIM, Respondent, for an Order Requiring and Directing NORBERT BLANK, an Attorney, Appellant, to Pay over Certain Moneys.

First Department, December 29, 1916.

Attorney and client — summary proceeding to compel attorney to pay over — determination that attorney is entitled to disbursements and fee — interest — costs — reference.

Where a client institutes a summary proceeding to compel his attorney, who claims a lien upon moneys collected for professional services rendered, to pay over the same upon the theory that the attorney is not entitled to any compensation whatever, and it is determined that the attorney is entitled to retain the amount of his disbursements and a reasonable counsel fee, which is fixed by the court, so that although required to pay over a portion of the money he is virtually successful, he should not be charged with interest or with costs.

The court has power to refer such summary proceeding to an official referee.

APPEAL by Norbert Blank from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of February, 1915, requiring him to pay over certain moneys, and also from an order entered in said clerk's office on the 27th day of February, 1915, referring this matter to an official referee, and also from a further order entered in said clerk's office on the 31st day of December, 1915, upon a motion for a retaxation of costs.

*Louis O. Van Doren* [*Herrick McClenthen* with him on the brief], for the appellant.

*William L. Bowman,* for the respondent.

SCOTT, J.:

This is a proceeding by a client to compel his attorney to pay over certain moneys.

It was initiated by a petition and order to show cause. The respondent, admitting the collection of the money, claimed a lien thereon for services and disbursements. Petitioner, while

First Department, December, 1916.          [Vol. 175.

admitting that the attorney was entitled to retain his disbursements, insisted that, under the circumstances attending his employment, he was entitled to no compensation out of the fund collected for his services.

The matter was sent to an official referee, who after taking much testimony, reported that the respondent was entitled to retain both his disbursements, amounting to $214.14, and a reasonable counsel fee which was fixed at $1,550, which was less by $325 than that which respondent claimed. This left a balance due from respondent of $552.38, to which the referee added interest amounting to $59.84, making the total of $612.22. Upon the filing of the official referee's report the matter was again brought before the court by the petitioner, who, however, did not move to confirm the report, but apparently still claimed, as he had originally done, that respondent was entitled to nothing by way of compensation for his services.

The court accepting the findings of the official referee entered a final order directing the respondent to pay to petitioner the sum found due by the official referee, and imposed upon him payment of the costs of the proceeding as in an action, and also the sum of $121.95, the cost to petitioner of copies of the referee's report and minutes. A motion by respondent for a retaxation of the costs resulted in an insignificant reduction. The final order was afterwards resettled, and from the order as so resettled respondent appeals.

We have examined the record and are satisfied that the official referee correctly decided the questions submitted to him, and that his estimate of the value of respondent's services was reasonable. The principal contention of the petitioner was that respondent was entitled to no compensation whatever. This he utterly failed to sustain.

We think, however, that the referee should not have charged the respondent with interest. He had a lien upon the sum collected for the amount of his fees. The dispute between himself and his client was not primarily as to the value of his services, but as to whether he was entitled to anything at all. The amount of his fees, if he was entitled to them, was unliquidated, and the amount he claimed, which would have

eaten up the entire fund, was not so unreasonable, as the event proved, as to warrant a claim that he acted in bad faith in claiming what he did claim. We are also of the opinion that the respondent should not have been charged with costs. Although his claim for services was not allowed in full, he was virtually successful in the proceeding, and was entirely successful on the main question as to whether or not he was entitled to any fees at all.

The final order will, therefore, be modified by striking out the allowance of costs and expenses to the petitioner and by reducing the amount which respondent is required to repay to petitioner to the sum of $552.38, with interest from December 13, 1915, the date of the entry of the final order as originally entered, and as so modified will be affirmed, with ten dollars costs and disbursements to the appellant.

The respondent also appeals from the order referring the matter to the official referee. This was obviously within the power and discretion of the court, and must be affirmed, with ten dollars costs.

He also appeals from the order which granted only in part his motion for retaxation of costs. The question sought to be raised by this appeal arises under and is disposed of by the appeal from the final judgment. It is, therefore, dismissed.

CLARKE, P. J., McLAUGHLIN, DOWLING and SMITH, JJ., concurred.

Final order modified as stated in opinion, and as modified affirmed, with ten dollars costs and disbursements to appellant. Order of reference affirmed, with ten dollars costs. Appeal from order on retaxation of costs dismissed. Order to be settled on notice.